(Official Form 1)(12/03)

| FORM B1 | UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS CHICAGO DIVISION (EASTERN) | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First Middle):<br>**SWINDLE, KEITH E** | Name of Joint Debtor (Spouse) (if individual, enter Last, First Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No (if more than one, state all):<br>**xxx-xx-4182** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, State and Zip Code):<br>**2343 Sheridan Rd.**<br>**Zion, IL 60099** | Street Address of Joint Debtor (No. and Street, City, State and Zip Code): |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue**   (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| ☑ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☐ Chapter 11 | ☑ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Section 304 - Case ancillary to foreign proceeding | | |
| ☐ Other_____ | ☐ Clearing Bank | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☑ Consumer/Non-Business | ☐ Business | ☑ Full Filing Fee attached |

| **Chapter 11 Small Business** (Check all boxes that apply) |
|---|
| ☐ Debtor is a small business as defined by 11 U.S.C. Sec. 101. |
| ☐ Debtor is & elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) |

☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration

**Statistical/Administrative Information**   (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured credit

☑ Debtor estimates that, after any exempt property is excluded and administrative there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 |
|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | 1,000,001 to $10 million | $10,000,001 to $50 million |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | 1,000,001 to $10 million | $10,000,001 to $50 million |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 05/04/2004
Time: 15:18:47
Debtor: KEITH E SWINDLE
Case: 04-17517     Fee : 194
Chapter: 13 Rec. # : 3078942
Judge: A Benjamin Goldgar
341 mtg: 06/15/2004 @ 10:30AM
ConfHrg: 07/16/2004 @ 11:00AM
Trustee: GLENN STEARNS

1:04BK17517-BK001

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210)*

| **Voluntary Petition (page 2)** | **Name of Debtor(s):** |
|---|---|
| *(This page must be completed and filed in every case)* | SWINDLE, KEITH E. |

| **Prior Bankruptcy Case(s) Filed Within Last 6 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br>None | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case(s) Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, under the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Debtor

X _____
Joint Debtor

_____
Telephone Number (If not represented by an attorney)

4-17-04
Date

### Signature of Attorney

X _____
Kenneth S. Borcia        Bar No. 3125988
The Law Offices of Kenneth S. Borcia
1117 S. Milwaukee Avenue, Suite A-3
P.O. Box 447
Libertyville, IL  60048

Phone No. (847) 634-8800        Fax No. (847) 634-8932

4-17-04
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner named in the foregoing petition that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____        4-17-04
Kenneth S. Borcia        Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.
☑  No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

_____

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).

Model Plan
Rev. 02/03/04

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:   KEITH E SWINDLE

Debtor(s).

)
)
)
)
)

Case No.

Original Chapter 13 Plan

☐ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A.
Budget
Items**

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is _____**1**__;
(b) their ages are _____**1 adult, dependent(s): 10 yrs. and 8 yrs.**_____;
(c) total household monthly income is _____**$1,918.32**_; and (d) total monthly household expenses are
__**$1,209.00**___, leaving monthly disposable income of _____**$709.32**___.

2. The debtor's Schedule J includes _____**N/A**_____ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___**N/A**___ months prior to filing this case.

**B.
General
provisions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, shall be modified only to the extent that (a) paying the amounts specified in that paragraph, while making all required postpetition principal, interest and escrow payments, shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case may only be claimed by the mortgagee pursuant to the provisions of Paragraph 10 of Section E of this plan, and if not so claimed, are waived upon completion of this plan and may not be asserted thereafter.

3. The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in Paragraph 3 of Section E, shall retain the lien

    ☐ until receipt of all payments provided for by this plan on account of the claim, including payments on account of any unsecured portion of the claim,   /or/

    ☑ until receipt of all payments provided for by this plan on account of the portion of the claim that is a secured claim under 11 U.S.C. § 506(a),

at which time the lien shall terminate and be released by the creditor.

4. Within 14 days of a request by the trustee, the debtor shall provide (a) copies of any tax returns filed during the pendency of this case, and (b) a copy of the debtor's current wage statement.

5. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.
Direct
payment of
claims by
debtor**

☑ The debtor will make no direct payments to creditors holding prepetition claims.   /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

Case No.
Debtor(s):      **KEITH E SWINDLE**

**Chapter 13 Plan**

---

**D.**
**Payments**
**by debtor**
**to the**
**trustee**

*1. Initial plan term.* The debtor will pay to the trustee _____ **$709.32** _____ monthly for _____ **60 months** _____,
[and **$0.00** monthly for an additional **0** months], for total payments, during the initial plan term,
of _____ **$42,559.20** _____. *[Enter this amount on Line 1 of Section H.]*

*2. Adjustments to initial term.* (a) If the amount paid by the debtor to the trustee during the initial plan term
does not permit full payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the
debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to
permit the specified payments. (b) The plan will conclude, prior to the end of the initial term, at such time as all
allowed claims are paid in full, with any interest required by the plan.

**E.**
**Disburse-**
**ments by**
**the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

*1. Trustee's fees.* Payable monthly, as authorized; estimated at _____ **5.5%** _____ of plan payments; and during the
initial plan term, totalling _____ **$2,340.76** _____. *[Enter this amount on Line 2a of Section H.]*

*2. Priority claims of debtor's attorney.* Payable in amounts allowed by court order, in installments.
Installment payments shall be made as follows, up to the allowed amount, unless lower installment payments
are ordered by the court: an initial installment of one-half of the funds held by the trustee at the time the trustee
receives the order allowing fees (not including amounts for current mortgage payments) and subsequent
monthly installments of one-half of the regular monthly payment of the debtor (not including current mortgage
(payments). The total claim of debtor's attorney is estimated to be _____ **$2,700.00** _____. *[Enter this amount on
Line 2b of Section H.]*

*3. Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below,
beginning with the first payment due after the filing of the case. Each of these payments shall be increased or
decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or
similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of
the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the
debtor of any such change at least 7 days before putting the change into effect.

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be
_____ **$0.00** _____. *[Enter this amount on Line 2c of Section H.]*

*4. Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears
payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor
with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's
receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be
_____ **$0.00** _____. *[Enter this amount on Line 2d of Section H.]*

*5. Other secured claims.* All secured claims, other than mortgage claims treated above, are to be paid in full
during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject
to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage
arrears), regardless of contrary proofs of claim, in monthly installments, pro rata, but with fixed monthly payments
if so specified (by a check mark and payment amount):

(a)   Creditor: __**CIRCUIT CITY/FNANB**__   Collateral: __**Appliances**__
      Amount of secured claim: _____ **$2,000.00** _____, APR ___ **0%** ___   ☐ Fixed monthly payment: _____ **(pro rata)** ;
      Total estimated payments, including interest, on the claim: _____ **$2,000.00** .

(b)   Creditor: __**GMAC**__   Collateral: __**2002 Chevy S-10**__
      Amount of secured claim: _____ **$12,000.00** _____, APR ___ **0%** ___   ☐ Fixed monthly payment: _____ **(pro rata)** ;
      Total estimated payments, including interest, on the claim: _____ **$12,000.00** .

---

UNITED STATES BANKRUPTCY COURT      Case No:                 **Chapter 13 Plan**
NORTHERN DISTRICT OF ILLINOIS      Debtor(s):    **KEITH E SWINDLE**
CHICAGO DIVISION (EASTERN)

    (c)    Creditor: __**SNAP-ON-TOOLS**_____ Collateral: __**Tools**_____

           Amount of secured claim: ____**$1,835.00**____ , APR ___**0%**___ ☐ Fixed monthly payment: ____**(pro rata)**___ ;
           Total estimated payments, including interest, on the claim: _____**$1,835.00** .

*[All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]*

The total of all payments on these secured claims, including interest, is estimated to be _____ **$15,835.00** .
*[Enter this amount on Line 2e of Section H.]*

    **6. *Allowed priority claims other than those of the debtor's attorney.*** Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be ____**$0.00**____,   *[Enter this amount on Line 2f of Section H.]*

    **7. *Specially classified unsecured claims.***   Payable as set forth below.

The total of all payments to specially classified creditors is estimated to be _____ **$0.00** .
*[Enter this amount on Line 2g of Section H.]*

    **8. *General unsecured claims (GUCs).*** All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata,   ☐ in full /or/   ☑ to the extent possible from the payments set out in Section D, but no less than ____**78%**___ of their allowed amount.
*[Enter minimum payment percentage on Line 4b of Section H.]*

    **9. *Interest.***

           ☑   Interest shall not be paid on unsecured claims   /or/
           ☐   Interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____.
*[Complete Line 4d of Section H to reflect interest payable.]*

    **10. *Costs of Collection.*** For all claims treated under Paragraphs 3, 4, and 5 of this section, costs of collection, including attorneys fees, arising during pendency of this case, may only be collected by the creditor through the following procedure, unless otherwise ordered by the court: (a) the costs must be itemized in a notice, served within 90 days of the time the costs arose, on the trustee, the debtor, and the debtor's attorney; (b) unless subject to an objection filed within 14 days after notice of the costs of collection is given, the costs will be deemed allowed and approved as reasonable by the court; (c) the trustee shall commence making payments of the costs to the creditor, in the manner set forth below; (d) in the absence of objection, payments of the costs of collection shall be made with the regular monthly plan disbursements, commencing with the first disbursement taking place at least 21 days after notice of costs is given; (e) payments shall be in equal monthly amounts prorated over the months remaining in the plan, unless the debtor agrees to larger monthly payments; (f) any party objecting to the payment of costs of collection must file and serve on the trustee, debtor, debtor's attorney and the creditor seeking payment, a written objection with a notice setting a hearing before the court within 14 days of filing; (g) upon receipt of objection, the trustee shall make no payment of the costs of collection until the objection is resolved by the court and shall thereafter make payment of any amount allowed by the court in equal monthly installments prorated over the remaining months of the plan, or in such other amounts as the court may order. However, in the event that a creditor is granted relief from the automatic stay or the case is converted or dismissed, costs of collection, whether or not approved by the court, shall be collected in accordance with otherwise applicable law and not paid by the trustee pursuant to the procedure set forth above.

**F.**
**Priority**         The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority: (1) trustee's authorized percentage fee; (2) priority claims of the debtor's attorney; (3) secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (4) costs of collection on secured claims; (5) secured claims not paid in fixed installments; (6) priority claims other than those of the debtor's attorney; (7) specially classified nonpriority unsecured claims; and (8) general unsecured claims.

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)  $ 42,559.20

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

(a) Trustee's fees  $ 2,340.76

(b) Priority payments to debtor's attorney  $ 2,700.00

(c) Current mortgage payments  $ 0.00

(d) Payments of mortgage arrears  $ 0.00

(e) Payments of other allowed secured claims  $15,835.00

(f) Payments of non-attorney priority claims  $ 0.00

(g) Payments of specially classified unsecured claims  $ 0.00

(h) Total [add Lines 2a through 2g]  $20,875.76

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1]  $21,683.44

(4) Estimated payments required after initial plan term:

(a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)  $ 27,638.00

(b) Minimum GUC payment percentage  78 %

(c) Estimated minimum GUC payment [multiply line 4a by line 4b]  $ 21,683.52

(d) Estimated interest payments on unsecured claims  $ 0.00

(e) Total of GUC and interest payments [add Lines 4c and 4d]  $ 21,683.52

(f) Payments available during initial term [enter Line 3]  $ 21,683.44

(g) Additional payments required [subtract Line 4f from Line 4e]  $ 0.08

(5) Additional payments available:

(a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee  $ 670.31

(b) Months in maximum plan term after initial term  0

(c) Payments available [multiply line 5a by line 5b]  $ 0.00

Signatures:  Debtor _____  Date 4/7/04

Debtor _____  Date _____

Debtor's Attorney _____  Date 4/7/04

**Attorney information (name, address, telephone, etc.)**

Kenneth S. Borcia, ARDC #3125988
1117 S. Milwaukee Avenue, Suite A-3
P.O. Box 447
Libertyville, IL  60048
(847) 680-1110

◄ 4 ►

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   KEITH E SWINDLE                                    CASE NO

                                                           CHAPTER   **13**

## SCHEDULE A (REAL PROPERTY)

| Description And Location Of Property | Nature Of Debtor's Interest In Property | Husband, Wife, Joint Or Community | Current Market Value Of Debtor's Interest In Property, Without Deducting Any Secured Claim Or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | | $0.00 | $0.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER    **13**

## SCHEDULE B (PERSONAL PROPERTY)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | - | $75.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of Waukegan | - | $300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | Refrigerator, stove,washer/dryer, bedroom furniture, kitchen & living room furniture, audio, video & computer equipment, misc. household goods, dining room set | - | $1,200.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, pictures & collections | - | $35.00 |
| 6. Wearing apparel. | | clothing | - | $100.00 |
| 7. Furs and jewelry. | | Furs & jewelry | - | $40.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | sports & hobby equipment | - | $25.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| | | | Total > | $1,775.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER  **13**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | | IRA | - | $5,000.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | Former Spouse owes for Divorce | - | $1,000.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| | | | Total > | $7,775.00 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER   **13**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | Chevy S-10 LS Extra Cab | - | $12,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |

Total  >  $19,775.00

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:   **KEITH E SWINDLE**                                         CASE NO

                                                         CHAPTER   **13**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | | Mechanic Tools | - | $20,000.00 |
| | | | Total > | $39,775.00 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**                                    CASE NO

                                                               CHAPTER    **13**

## SCHEDULE C (PROPERTY CLAIMED AS EXEMPT)

Debtor elects the exemptions to which debtor is entitled under: (Check one box)

☐  11 U.S.C. Sec. 522(b)(1):  Exemptions provided in 11 U.S.C. Sec. 522(d). Note: These exemptions are available only in certain states.

☑  11 U.S.C. Sec. 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| Cash | 735 ILCS 5/12-1001(b) | $75.00 | $75.00 |
| Bank of Waukegan | 735 ILCS 5/12-1001(b) | $300.00 | $300.00 |
| Refrigerator, stove, washer/dryer, bedroom furniture, kitchen & living room furniture, audio, video & computer equipment, misc. household goods, dining room set | 735 ILCS 5/12-1001(b) | $1,200.00 | $1,200.00 |
| Books, pictures & collections | 735 ILCS 5/12-1001(b) | $35.00 | $35.00 |
| clothing | 735 ILCS 5/12-1001(a), ( e) | 100% | $100.00 |
| Furs & jewelry | 735 ILCS 5/12-1001(b) | $40.00 | $40.00 |
| sports & hobby equipment | 735 ILCS 5/12-1001(b) | $25.00 | $25.00 |
| IRA | 735 ILCS 5/12-1006 | 100% | $5,000.00 |
| Former Spouse owes for Divorce | 735 ILCS 5/12-1001(b) | $325.00 | $1,000.00 |
| Chevy S-10 LS Extra Cab | 735 ILCS 5/12-1001(c) | $0.00 | $12,000.00 |
| | | $7,100.00 | $19,775.00 |

IN RE: <u>KEITH E SWINDLE</u>
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER  **13**

## SCHEDULE D (CREDITORS HOLDING SECURED CLAIMS)

☐  Check this box if debtor has no creditors holding secured claims to report on Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #:<br><br>**CIRCUIT CITY/FNANB**<br>P.O. Box 100043<br>Kennesaw, GA  30156-9243 | | - | DATE INCURRED:<br>NATURE OF LIEN:<br><br>COLLATERAL:<br>**Appliances**<br>REMARKS:<br><br><br>COLLATERAL VALUE:      $2,000.00 | | | | $4,000.00 | $2,000.00 |
| ACCT #:<br><br>**GMAC**<br>P.O. Box 217060<br>Auburn Hills, MI  48321-7060 | | - | DATE INCURRED:<br>NATURE OF LIEN:<br><br>COLLATERAL:<br>**2002 Chevy S-10**<br>REMARKS:<br><br><br>COLLATERAL VALUE:      $12,000.00 | | | | $15,300.00 | $3,300.00 |
| ACCT #:<br><br>**SNAP-ON-TOOLS**<br>P.O. Box 9001<br>Crystal Lake, IL 60039 | | - | DATE INCURRED:<br>NATURE OF LIEN:<br><br>COLLATERAL:<br>**Tools**<br>REMARKS:<br><br><br>COLLATERAL VALUE:      $20,000.00 | | | | $1,835.00 | |
| | | | | | | | | |
| | | | | | | | | |

<u>   No   </u>   continuation sheets attached

| | | |
|---|---|---|
| Total for this Page (Subtotal) > | $21,135.00 | $5,300.00 |
| Running Total > | $21,135.00 | $5,300.00 |

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**                                    CASE NO

                                                    CHAPTER   **13**

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on Schedule E.

## TYPES OF PRIORITY CLAIMS     (Check the appropriate box(es) if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
*Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. Sec. 507(a)(2).*

☐ **Wages, salaries, and commissions**
*Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4,925\* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided by 11 U.S.C. Sec. 507(a)(3).*

☐ **Contributions to employee benefit plans**
*Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(4).*

☐ **Certain farmers and fishermen**
*Claims of certain farmers and fishermen, up to a maximum of $4,925\* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).*

☐ **Deposits by individuals**
*Claims of individuals up to a maximum of $2,225\* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. Sec. 507(a)(6).*

☐ **Alimony, Maintenance, or Support**
*Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Sec. 507(a)(7).*

☐ **Taxes and certain other debts owed to governmental units**
*Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Sec. 507(a)(8).*

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
*Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. Sec. 507(a)(9).*

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
*Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C Secs. 326, 328, 329 and 330.*

*\* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.  The amounts shown above were effective beginning April 1, 2004.*

_____**No**_____continuation sheets attached

IN RE: **KEITH E SWINDLE**

CASE NO _____

_____ (If Known)

Debtor

CHAPTER **13**

_____

Joint Debtor

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**BP/AMOCO**<br>P.O. Box 9014<br>Des Moines, IA  50368-9014 | | - | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $130.00 |
| ACCT #:<br>**CAPITAL ONE**<br>P.O. Box 85015<br>Richmond, VA  23285-5015 | | - | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $304.00 |
| ACCT #:<br>**DIRECT MERCHANTS BANK**<br>P.O. Box 550680<br>Jacksonville, FL 32255-4150 | | - | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $10,737.00 |
| ACCT #:<br>**JC PENNEY**<br>P.O. Box 981131<br>El Paso, TX  79998 | | - | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $2,570.00 |
| ACCT #:<br>**MBNA AMERICA**<br>P.O. Box 15026<br>Wilmington, DE  19850-5026 | | - | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $8,597.00 |
| | | | | | | | |
| | | | | | | | |

____**No**____ continuation sheets attached

Total for this Page (Subtotal) >     $22,338.00

Running Total >     $22,338.00

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER   **13**

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:   **KEITH E SWINDLE**

CASE NO

CHAPTER   **13**

## SCHEDULE H (CODEBTORS)

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER    **13**

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | | |
|---|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | Age | Relationship |
| **Single** | | 10 yrs. | child | | | |
| | | 8 yrs. | child | | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Manager | |
| Name of Employer | Genes Automotive | |
| How Long Employed | 15 yrs. | |
| Address of Employer | 2343 Sheridan Rd. Zion, IL 60099 | |

Income:  (Estimate of average monthly income)

| | *DEBTOR* | *SPOUSE* |
|---|---|---|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $2,648.75 | |
| Estimated monthly overtime | $0.00 | |
| *SUBTOTAL* | **$2,648.75** | |
| LESS PAYROLL DEDUCTIONS | | |
| A. Payroll taxes (includes social security tax if B. is zero) | $527.80 | |
| B. Social Security Tax | $202.63 | |
| C. Insurance | $0.00 | |
| D. Union dues | $0.00 | |
| E. Retirement | $0.00 | |
| F. Other (specify) _____ | $0.00 | |
| G. Other (specify) _____ | $0.00 | |
| *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$730.43** | |
| *TOTAL NET MONTHLY TAKE HOME PAY* | **$1,918.32** | |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | |
| Income from real property | $0.00 | |
| Interest and dividends | $0.00 | |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | |
| Social Security or other government assistance (specify) | $0.00 | |
| Pension or retirement income | $0.00 | |
| Other monthly income (specify below) | | |
| 1._____ | $0.00 | |
| 2._____ | $0.00 | |
| 3._____ | $0.00 | |
| *TOTAL MONTHLY INCOME* | **$1,918.32** | |

## TOTAL COMBINED MONTHLY INCOME  $1,918.32    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER    **13**

## SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rental for mobile home) ......................................... | |
| Are real estate taxes included?  ☐ Yes  ☑ No | |
| Is property insurance included?  ☐ Yes  ☑ No | |
| **Utilities:**  Electricity and heating fuel ............................................... | |
| Water and sewer ............................................... | |
| Telephone ............................................... | ...................................$66.00 |
| Other: ............................................... | |
| Home maintenance (repairs and upkeep) ............................................... | |
| Food ............................................... | ...................................$250.00 |
| Clothing ............................................... | ...................................$20.00 |
| Laundry and dry cleaning ............................................... | |
| Medical and dental expenses (not covered by insurance) ............................................... | |
| Transportation (not including car payments) ............................................... | ...................................$125.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. ............................................... | ...................................$15.00 |
| Charitable contributions ............................................... | |
| **Insurance**  (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's ............................................... | |
| Life ............................................... | |
| Health ............................................... | |
| Auto ............................................... | ...................................$80.00 |
| Other: ............................................... | |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| **Installment payments:**  (In Chapter 12 and 13 cases, do not list payments included in the plan) | |
| Auto ............................................... | |
| Other: ............................................... | |
| Other: ............................................... | |
| Other: ............................................... | |
| Alimony, maintenance, and support paid to others ............................................... | ...................................$653.00 |
| Payments for support of additional dependents not living at debtor's home ............................................... | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) ............................................... | |
| Other: ............................................... | |
| Other: ............................................... | |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$1,209.00** |

**[FOR CHAPTER 12 AND 13 DEBTORS ONLY]**

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income ............................................... | $1,918.32 |
| B. Total projected monthly expenses (including separate spouse budget if applicable) | $1,209.00 |
| C. Excess income (A minus B) ............................................... | $709.32 |
| D. Total amount to be paid into plan each  ***Monthly***  (interval) | $709.32 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:   **KEITH E SWINDLE**

CASE NO

CHAPTER   **13**

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | $39,775.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $21,135.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $22,338.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $1,918.32 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $1,209.00 |
| Total Number of Sheets of ALL Schedules  > | | 13 | | | |
| Total Assets  > | | | $39,775.00 | | |
| Total Liabilities  > | | | | $43,473.00 | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER   **13**

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|--------|---------------------------|
| .. | **2004  Wages, Only those wages previously reported on Sch. I** |
| **$32,000** | **2003  Wages** |
| **$31,000** | **2002  Wages** |

### 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

None ☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---------------------------------|----------------------|------------------------------|------------------------|
| **none, except for creditors previously listed** | | | |

None ☑

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER    **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

---

**5. Repossessions, foreclosures and returns**

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**6. Assignments and receiverships**

None
☑

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**7. Gifts**

None
☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**8. Losses**

None
☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Kenneth S. Borcia & Associates** **1117 S. Milwaukee Ave.,Suite A-3** | 05/02/2004 | $0.00 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:  KEITH E SWINDLE

CASE NO

CHAPTER    13

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

P.O. Box 447
Libertyville, IL 60048

---

### 10. Other transfers

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☑

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **KEITH E SWINDLE**

CASE NO

CHAPTER    **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

---

**16. Spouses and Former Spouses**

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **KEITH E SWINDLE**                                      CASE NO

                                                                CHAPTER  **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

---

None
☑
**18. Nature, location and name of business**

a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

---

None
☑
b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Section 101.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:    KEITH SWINDLE

CASE NO

CHAPTER    **13**

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

### DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, consisting of ____ ___6_____ sheets, and that they are true and correct.

Date _____4-7-04_____

Signature X_____
of Debtor          *Debtor*

Date _____

Signature _____
of Joint Debtor    *Joint Debtor*
(if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  **KEITH E SWINDLE**                                      CASE NO

_Debtor(s)_                                              CHAPTER   **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | **$2,700.00** |
| Prior to the filing of this statement I have received: | **$0.00** |
| Balance Due: | **$2,700.00** |

2.  The source of the compensation paid to me was:
    ☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:
    ☑ Debtor          ☐ Other (specify)

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    **Representation of the debtor(s) in adversary proceedings**

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_4/30/04_
_____                    _____
Date                                        _Kenneth S. Borcia_          Bar No.  3125988
                                            Kenneth S. Borcia & Associates
                                            1117 S. Milwaukee., Suite A-3
                                            P.O. Box 447
                                            Libertyville, IL 60048
                                            Phone: (847) 634-8800 / Fax: (847) 634-8932

· B 201
'(Rev. 12/99)

# United States Bankruptcy Court

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the
federal Bankruptcy Code under which you may file a bankruptcy petition. The
bankruptcy law is complicated and not easily described. Therefore, you should
seek the advice of an attorney to learn of your rights and responsibilities
under the law should you decide to file a petition with the court. Court
employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt
under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to
priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found
to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be
denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you
may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal
restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest.
Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but
would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not
exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you
owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but
no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as
you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support
payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury
caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors.
Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed
with an attorney.

### Chapter 12: Family farmer ($200 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings
and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose
income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | |
|---|---|
| Date | |
| WHITE—DEBTOR COPY     PINK—COURT COPY | Case Number |
| Signature of Debtor | |
| DEBTOR     Date | DEBTOR     Date |